UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CIVIL ACTION

VERSUS                                                  NO. 11-1518

RAY A. BRIGHT                                           SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion for failure to join indispensable parties pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(7). For the reasons that follow, the motion is DENIED.

**Background**

This litigation arises because of a default on the repayment of a student loan.

On September 24, 2004 Ray Bright applied for and executed a promissory note to secure a direct consolidation loan from the U.S. Department of Education (DOE) in the amount of $108,206.15; the note provided for interest at the rate of 8.25% per year. Some time after the DOE made the loan,[1] the United States made demand for payment, but Bright defaulted. The United States sued Bright on June 27, 2011 to recover the debt, asserting that Bright is

---

[1] The loan was made under the William D. Ford Federal Direct Loan Program pursuant to Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a, et seq., and 34 C.F.R. Part 685.

1

indebted to it for the promissory note in the amount of $172,224.44, which represents a principal of $151,515.07, plus interest accrued through April 18, 2011 of $20,709.37. Interest continues to accrue on the principal amount at the daily rate of $34.22.

Before referring Bright's defaulted student loan and promissory note to the Department of Justice for litigation, the DOE hired Premiere Credit of North America, L.L.C. to try to collect the debt. Bright, *pro se*, now seeks to dismiss the United States's complaint for failure to join Premiere Credit and the Department of Education, which he suggests are indispensable parties.

I.

The Court undertakes a two-step inquiry in determining whether to dismiss a case for failure to join an indispensable party. Hood ex rel. Miss. v. City of Memphis, Tenn., 570 F.3d 625, 628 (5th Cir. 2009). The Court first determines whether the party should be added. Id. To make this determination, the Court consults Federal Rule of Civil Procedure, which addresses persons that must be joined in the litigation if feasible -- "required parties":

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among the existing parties; or
> (B) that person claims an interest relating

>> to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest....

Fed.R.Civ.P. 19(a)(1)(A).  "[T]he party advocating joinder has the initial burden of demonstrating that a missing party is necessary." Hood ex rel. Miss., 570 F.3d at 628.  If the facts suggest that a possibly required party is absent, "the burden of disputing [the] initial [factual] appraisal falls on the party who opposes joinder." Id.

If the Court determines that an absent party is a "required party" and if that person cannot be joined without destroying subject matter jurisdiction, the Court must then determine whether that person is "indispensable" such that litigation cannot be properly pursued without the absent party.  Id. at 629 (citation omitted).  To make this second determination, and thus to decide "whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed" (Fed.R.Civ.P. 19(b)), the Court considers the factors articulated in Rule 19(b):

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:

```
             (A)   protective provisions in the judgment;
             (B)   shaping the relief; or
             (C)   other measures;
       (3)   whether a judgment rendered in the person's
             absence would be adequate; and
       (4)   whether the plaintiff would have an adequate
             remedy if the action were dismissed for
             nonjoinder.
```

Fed.R.Civ.P. 19(b).

## II.

Bright contends that Premiere Credit and the DOE are indispensable parties. Although he makes no particular argument supporting his assertion that DOE is an indispensable party, Bright contends that Premiere Credit should be made a party to subrogate or indemnify the student loan payment, or to rehabilitate the loan, because Premiere Credit prevented him from utilizing the rehabilitation program.[2]

The United States counters that neither Premiere Credit nor the DOE is a required party because the Court may accord complete relief in the form of a money judgment in the absence of any additional parties. In fact, the United States submits that it did not provide a complete assignment of its creditor rights under the promissory note to Premiere Credit, nor was Premiere Credit

---

[2] Bright asserts that he attempted to utilize the student loan rehabilitation program made available by the DOE, and that he was qualified for the rehabilitation process because of his financial hardship and his willingness to pay an affordable rehabilitated loan amount.

entitled to keep any money it could have collected from Bright. Instead, Premiere Credit acted as an independent contractor to the DOE, a point that Bright concedes.  In short, the United States contends that the forms of relief Bright suggests he will seek from Premiere (subrogation, indemnification, or rehabilitation) are inappropriate grounds for joinder under Rule 19(a).  Finally, because the DOE is a cabinet-level executive department, the United States insists it is entitled to sue under 28 U.S.C. § 1345.

The Court agrees.  Bright has not carried his burden to show that these parties should be added as "required parties."  Neither Premiere Credit nor the DOE are indispensable parties because complete relief can be accorded in their absence.  Accordingly, the defendant's motion to dismiss for failure to join indispensable parties is DENIED.

New Orleans, Louisiana, October 4, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE