UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 11-1518 |
| RAY A. BRIGHT | SECTION "F" |

ORDER AND REASONS

Before the Court is the United States' motion for summary judgment. For the reasons that follow, the motion is GRANTED.

**Background**

This litigation arises from a default on the repayment of a student loan.

On September 24, 2004 Ray Bright applied for a student loan and signed a promissory note to secure a direct consolidation loan from the U.S. Department of Education (DOE) in the amount of $108,206.15; the note provided for interest at the rate of 8.25% per year. The loan was made by the DOE under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965. 20 U.S.C. §§ 1087a, et seq.; 34 C.F.R. Part 685. Some time after the DOE made the loan, the United States made demand for payment. Bright defaulted on the repayment of the note and his unpaid interest was capitalized and added to the principal

1

balance.  The United States sued Bright on June 27, 2011 to recover the debt, asserting that Bright is indebted to it for the promissory note in the amount of $172,224.44, interest at the daily rate of $34.22 from April 19, 2011 to the date of judgment, plus post-judgment interest under 28 U.S.C. § 1961, and the costs of these proceedings.[1]

After being served with the lawsuit, Bright filed a motion to dismiss for failure to join indispensable parties; the Court denied that motion.[2]  Bright then answered the lawsuit, denying, for lack of knowledge, each of the complaint's allegations; he also asserted affirmative defenses including failure to exhaust internal remedies, tender excused by law, absence of good faith, and inequitable acceleration of a debt.  The United States now seeks summary judgment on the defaulted promissory note to recover the

---

[1] According to the record, Bright was in default beginning on June 18, 2010 and his loan was referred to litigation almost one year later on May 9, 2011.  Since the time Bright's loan was made until litigation began, Bright did not pay anything towards his outstanding balance.

[2] Before referring Bright's defaulted student loan and promissory note to the Department of Justice for litigation, the DOE hired Premiere Credit of North America, L.L.C. to pursue collection of the debt.  After the United States filed suit, Bright, *pro se*, requested dismissal of the United States's complaint for failure to join Premiere Credit and the Department of Education, which he suggested are indispensable parties. The Court disagreed.

debt.[3]

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v.

---

[3] Bright previously requested that this Court defer ruling on the United States' motion for summary judgment to allow him additional time to submit his opposition papers; he also requested more time to engage in discovery. The Court allowed Bright additional time to submit his opposition papers, but denied his request that he be permitted even more time for discovery. See Order dated November 21, 2011, in which the Court determined that:

> The defendant has not made a sufficient showing pursuant to Federal Rule of Civil Procedure 56(d) that would warrant granting him 60 days to participate in discovery; however, the Court will permit additional time for the defendant to submit his opposition papers. The defendant suggests that discovery would allow him to show, among other things, that he did not default on his loan, that he was entitled to discharge his student loan based upon disability, and that he was entitled to rehabilitation of his student loan based upon financial hardship. The defendant has failed to show that he needs to obtain evidence *from the plaintiff* in order to support these defenses.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

"[S]uits to enforce promissory notes are among the most suitable classes of cases for summary judgment." Colony Creek, Ltd. v. Resolution Trust Corp., 941 F.2d 1323, 1325 (5th Cir. 1991); FDIC v. Salaiden Builders, Inc., 973 F.2d 1249, 1253-54 (5th Cir.

4

1992)(suits on promissory notes "provide fit grist for the summary judgment mill").

To recover on a promissory note, the United States must establish that: (1) Bright signed the note; (2) the United States is the current owner or holder of the note; and (3) the note is in default. United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001); FDIC v. McCrary, 977 F.2d 192, 194 n.5 (5th Cir. 1992). Where, as here, the United States submits record evidence discharging its summary judgment burden on its *prima facie* case,[4] the burden shifts to Bright to establish the nonexistence, extinguishment or variance in payment of the obligation. United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975); United States v. Ward, No. 92-1786, 1992 WL 373557, at *2 (E.D. La. Dec. 7, 1992)(Clement, J.); United States v. Bertucci, No. 00-78, 2000 WL 1234560, at *2 (E.D. La. May 30, 2000). In the absence of such proof, summary judgment in favor of the United States is appropriate. Id.

Bright contends that summary judgment is inappropriate because he should have been entitled to either a disability discharge, or rehabilitation of his defaulted loan before litigation began. But to preclude summary judgment Bright must submit, through competent

---

[4]The United States submits the sworn certificate of indebtedness, as well as the promissory note signed by Ray Bright. Bright does not credibly dispute the United States' *prima facie* case; rather, he suggests that the debt "should" have been discharged.

5

summary judgment evidence, facts showing a genuine dispute for trial. He has not done so.

Bright has not demonstrated that he can carry his burden to show either that his debt has been rehabilitated or discharged; he argues only that the debt "should be" or "should have been" rehabilitated because of his financial hardship, or "should be" or "should have been" discharged because of his disability. This falls far short of submitting evidence that a genuine dispute remains as to whether Bright's debt has, in fact, been rehabilitated or discharged. Although Bright suggests that he pursued administrative remedies in attempt to have his debt discharged,[5] his only record evidence in support of this assertion demonstrates that his administrative effort, in which he sent a letter to the DOE (after this litigation had been instituted against him), was denied.[6]

---

[5]The DOE regulations provide an administrative process for debtors seeking to cancel their student loans based on certain circumstances, including discharge for disabled veterans. <u>See</u>, <u>e.g.</u>, 34 C.F.R. § 685.213.

[6]The United States points out that the DOE's discharge regulation for veterans provides that:

> a veteran must submit a discharge application to the Secretary approved by the Secretary. The application must be accompanied by documentation from the Department of Veterans Affairs showing that the Department of Veterans Affairs has determined that the veteran is unemployable due to a service-connected disability.

Bright's argument that he is entitled to rehabilitation of his defaulted student loan, because of his financial hardship, likewise fails to preclude summary judgment. The DOE's rehabilitation regulation for Ford direct loans provides:

> A defaulted Direct Loan...is rehabilitated if the borrower makes nine voluntary, reasonable, and affordable monthly payments within 20 days of the due date during ten consecutive months. The amount of such a payment is determined on the basis of the borrower's total financial circumstances.

34 C.F.R. § 685.211(f)(1). Bright has not established that the DOE rehabilitated his loan; nor has he presented any evidence to this Court (or, presumably to the DOE) that confirms that he would have been eligible for rehabilitation, in light the regulation's clear requirement that he earn this special status based on voluntary payments: the record evidence confirms that Bright has not paid anything towards his outstanding balance since the loan was disbursed and this litigation commenced. Ultimately, Bright has failed to present any evidence sufficient to create any dispute concerning whether the United States is entitled to a judgment in its favor on his defaulted loan.

---

34 C.F.R. § 685.213(c)(1). There is nothing in the record suggesting that Bright has documentation from Veterans Affairs making the requisite determination, or that such documentation was ever produced to the DOE. Even if Bright had provided documentation to this Court that might suggest his eligibility for discharge, only the Secretary of Education, not this Court, has the discretion to discharge a loan. See United States v. Bertucci, No. 00-78, 2000 WL 1234560, at *2 (E.D. La. May 30, 2000)(citation omitted).

Accordingly, the plaintiff's motion for summary judgment is GRANTED.[7]

New Orleans, Louisiana, December 21, 2011

```
                      _____
                            MARTIN C. FELDMAN
                      UNITED STATES DISTRICT JUDGE
```

---

[7]To the extent Bright again requests additional time to engage in discovery, the Court again denies his request for the same reasons already stated in its November 21, 2011 Order.