UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CIVIL ACTION

VERSUS                                                NO. 11-1518

RAY A. BRIGHT                                         SECTION "F"


ORDER AND REASONS

Before the Court is defendant Ray A. Bright's motion for new trial. For the reasons that follow, the motion is DENIED.

**Background**

The facts of this student loan default case are more completely summarized in this Court's December 21, 2011 Order and Reasons, in which the Court granted the United States' motion for summary judgment.

On September 24, 2004 Ray Bright applied for a student loan and signed a promissory note to secure a direct consolidation loan from the U.S. Department of Education (DOE) in the amount of $108,206.15; the note provided for interest at the rate of 8.25% per year. The loan was made by the DOE under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965. 20 U.S.C. §§ 1087a, et seq.; 34 C.F.R. Part 685. Some time after the DOE made the loan, the United States made

1

demand for payment.  Bright defaulted on the repayment of the note and his unpaid interest was capitalized and added to the principal balance.  The United States sued Bright on June 27, 2011 to recover the debt, asserting that Bright is indebted to it for the promissory note in the amount of $172,224.44, interest at the daily rate of $34.22 from April 19, 2011 to the date of judgment, plus post-judgment interest under 28 U.S.C. § 1961, and the costs of these proceedings.[1]

The United States filed its motion for summary judgment on the defaulted promissory note; the Court granted the motion on December 21, 2011.  Judgement was entered against Bright on December 29, 2011.  Bright now seeks a new trial.

I.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  Fed.R.Civ.P. 59(e). Rule 60(b), on the other hand, applies to motions filed after the 28-day period, but demands more "exacting substantive requirements."  See Lavespere v. Niagara Machine & Tool Works, 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994)(en

---

[1] According to the record, Bright was in default beginning on June 18, 2010 and his loan was referred to litigation almost one year later on May 9, 2011.  Since the time Bright's loan was made until litigation began, Bright did not pay anything towards his outstanding balance.

2

banc).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)). The grant of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 Fed.Appx. 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479). The Court must balance two important judicial imperatives in deciding whether to

reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts."  Templet, 367 F.3d at 479.

Because the Court entered the challenged Judgment on December 29, 2011, and the plaintiff filed his motion for new trial 25 days later on January 23, 2012, the motion for new trial is timely under Rule 59(e)'s 28-day deadline.

II.

As this Court previously noted, "suits to enforce promissory notes are among the most suitable classes of cases for summary judgment."  Colony Creek, Ltd. v. Resolution Trust Corp., 941 F.2d 1323, 1325 (5th Cir. 1991); FDIC v. Salaiden Builders, Inc., 973 F.2d 1249, 1253-54 (5th Cir. 1992)(suits on promissory notes "provide fit grist for the summary judgment mill").

In determining that the United States was entitled to judgment as a matter of law, the Court found that the United States established that that: (1) Bright signed the note; (2) the United States is the current owner or holder of the note; and (3) the note is in default.  United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001); FDIC v. McCrary, 977 F.2d 192, 194 n.5 (5th Cir. 1992). Where, as here, the United States submitted record evidence

4

discharging its summary judgment burden on its *prima facie* case,[2] the burden shifted to Bright to establish the nonexistence, extinguishment or variance in payment of the obligation. United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975); United States v. Ward, No. 92-1786, 1992 WL 373557, at *2 (E.D. La. Dec. 7, 1992)(Clement, J.); United States v. Bertucci, No. 00-78, 2000 WL 1234560, at *2 (E.D. La. May 30, 2000).  Because Bright failed to carry his burden, summary judgment in favor of the United States was appropriate.[3]

Bright now contends that he is entitled to a new trial because he "has been medically found total[ly] and permanent[ly] disabled because of inability to engage in substantial gainful activitiy." In support of this contention, Bright submits a completed discharge application for total and permanent disability; the application was

---

[2]The United States submitted the sworn certificate of indebtedness, as well as the promissory note signed by Ray Bright.

[3]   As this Court previously noted:

> Bright has not demonstrated that he can carry his burden to show either that his debt has been rehabilitated or discharged; he argues only that the debt "should be" or "should have been" rehabilitated because of his financial hardship, or "should be" or "should have been" discharged because of his disability.  This falls far short of submitting evidence that a genuine dispute remains as to whether Bright's debt has, in fact, been rehabilitated or discharged.

See Order and Reasons, dated 12/21/11.

5

completed on January 17, 2012.[4]

The United States suggests that, upon receiving the application, counsel transmitted a copy of the application to the Department of Education. However, the United States contends that Bright is not entitled to relief because has not satisfied the standards of Rule 59(e) or 60(b). The Court agrees.

First, Bright could have (and should have) completed and submitted the application for total and permanent disability at any time after defaulting on his loans; instead, he waited until 19 days after this Court entered final judgment against him and just nine days before the 28-day deadline to file a motion under Rule 59(e). Bright has not presented newly discovered evidence that

---

[4]In that application, Dr. Camalyn W. Gaines, M.D. indicates that Bright has a "physical or mental impairment that prevents [him] from engaging in any substantial gainful activity in any field of work and can be expected to result in death or has lasted for a continuous period of not less than 60 months or can be expected to last for a continuous period of not less than 60 months."
 The United States suggests that the doctor's conclusion is "questionable", given that Bright has proven himself capable of filing a number of motions in these proceedings. The United States also points out that Bright is counsel of record in an active personal-injury suit in this Court; that Bright has been counsel of record in 19 matters filed in the Civil District Court for the Parish of Orleans in the past five years, and 86 matters since 1987; that Bright touted his professional experience and work ethic when he ran for political office in 2005; and that Bright touted his work experience in 2009 when he ran for traffic court judge in New Orleans. The Court need not resolve the merits of Bright's disability claims, however; that is for the Department of Education to consider and determine.

could not have been discovered previously.[5]

Second, even if the tardy application somehow constituted newly-discovered evidence, the evidence is not material to the issues before this Court: Bright's post-judgment application seeking a prospective discharge is immaterial to the issue of his past default on his loans. As this Court has previously noted, "only the Secretary of Education, not the Court, has the discretion to discharge a loan." United States v. Bright, No. 11-1518, 2011 WL 6652504, *2 n.6 (E.D.La. Dec. 21, 2011)(citations omitted). Furthermore, Bright's submission of a discharge application does not guarantee that the Department of Education will grant Bright a discharge.[6] Bright has failed to show that there was a mistake of fact or law, or that the Court otherwise erred, in granting the

---

[5] The untimely application does not meet the definition of newly discovered evidence under the federal rules. See Nat'l Labor Relations Bd. v. Jacob E. Decker and Sons, 569 F.2d 357, 364 (5th Cir. 1978)("There can be no Rule 60(b)(2) relief for evidence which has only come into existence after the trial is over, for the obvious reason that to allow such a procedure could mean the perpetual continuation of all trials"); Johnson v. Offshore Exp., Inc., 845 F.2d 1347, 1358 (5th Cir. 1988)(holding that newly discovered evidence "must be evidence of facts existing at the time of the original trial").

[6] While Bright's submission of a discharge application is a necessary precondition to a grant of discharge for total disability, merely submitting the application is not sufficient, standing alone. It should be noted that, as the United States has pointed out in its papers, this Court's entry of judgment does not divest the Department of Education from evaluating and taking action on Bright's discharge application. The Department of Education has the power to instruct the Department of Justice to discontinue collection on student-loan judgments if disability discharges are granted.

United States' motion for summary judgment.  Accordingly, Bright's motion for a new trial is DENIED.

New Orleans, Louisiana, February 22, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE