UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                          CIVIL ACTION

V.                                                                NO. 11-1518

RAY BRIGHT                                                        SECTION F

ORDER AND REASONS

Before the Court is Ray Bright's motion for relief from judgment pursuant to Rule 60.  For the reasons that follow, the motion is GRANTED.

**Background**

The Court assumes familiarity with the background of this student loan default case, more completely summarized in this Court's December 21, 2011 Order and Reasons, as well as this Court's consideration of Mr. Bright's prior request to seal certain records, discussed in this Court's March 25, 2013 Order and Reasons and, most recently, in its January 26, 2017 Order and Reasons.

After issuing an Order and Reasons in which the Court granted the government's motion for summary judgment, a judgment was

1

entered against Ray Bright for $172,224.44 plus interest at the daily rate of $34.22 from April 19, 2011 to the date of the final judgment, plus post-judgment interest at the rate established under 28 U.S.C. § 1961, and costs of the proceedings. See Final Judgment dtd. 12/28/11. Mr. Bright previously sought relief from that judgment on the ground that his student loan debt had been discharged, but the Court denied the motion without prejudice as premature because the discharge of indebtedness was conditional in that it would be "reinstated if you do not meet certain requirements during a post-discharge monitoring period ... for three years from ... June 28, 2012." See Order and Reasons dtd. 3/25/13. The Fifth Circuit affirmed. See United States v. Bright, 540 Fed.Appx. 376 (5th Cir. 2013). Now that the post-discharge monitoring period has expired, Mr. Bright seeks relief from judgment pursuant to Rule 60(b)(5).

I.

Rule 60(b)(5) of the Federal Rules of Civil Procedure authorizes the Court to relieve a party from a final judgment when "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

2

Bright submits that the money judgment based on the student loan debt was discharged and the post-discharge conditions have been satisfied.  The government confirms that Bright's defaulted loans that form the basis of this Court's December 28, 2011 judgment were discharged; accordingly, the government does not oppose Bright's motion for relief from judgment.  However, the government objects to language in Bright's proposed order that provides that the United States is to "bear the costs" in these proceedings; because the court costs previously awarded to the United States as a prevailing party are not included in the United States Department of Education's discharge, and because the costs were paid prior to Bright's discharge, the government submits that Bright's motion for relief from judgment should not affect the Court's prior imposition of costs in favor of the United States.  The Court agrees.

Bright's student loan debt was discharged and the post-discharge conditions have been satisfied.  Accordingly, IT IS ORDERED: that Bright's motion for relief from judgment is hereby GRANTED.  IT IS FURTHER ORDERED: that the final judgment, entered on December 28, 2011 against Ray A. Bright in the amount of $172,224.44 plus interest at the daily rate of $34.22 from April 19, 2011 to the date of final judgment plus post judgment interest at the rate established by 28 U.S.C. § 1961, has been discharged

3

and said judgment is hereby set aside in its entirety, preserving only the United States' prior award of costs; otherwise, said judgment is of no further force or effect.

New Orleans, Louisiana, February  8 , 2017

*Martin L. C. Feldman*

MARTIN L.C. FELDMAN
U.S. DISTRICT JUDGE